**ELMER CANDY CO., Inc., v. FAUNTLEROY, Collector of Internal Revenue.**

Circuit Court of Appeals, Fifth Circuit.
February 2, 1928.

No. 5213.

1. Statutes ⊗═⇒245—Taxing statutes are to be liberally construed, in favor of taxpayer.

Taxing statutes are to be liberally construed, in favor of the taxpayer.

2. Internal revenue ⊗═⇒36—Seller of candy held entitled to refund of difference between amount of tax based on total paid by purchaser and that based on net amount received for goods sold (Revenue Act 1918).

Seller of candy subject to 5 per cent. tax under Revenue Act 1918 (40 Stat. 1057), having notified customers that list price would include tax, which would be absorbed, *held* entitled to refund of difference between amount of tax based on total paid by purchaser and that based on net amount received for goods sold.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Action by the Elmer Candy Company, Inc., against John Y. Fauntleroy, Collector of Internal Revenue. Judgment for defendant (19 F.[2d] 664), and plaintiff brings error. Reversed and remanded.

Henry W. Robinson, of New Orleans, La., for plaintiff in error.

Wayne G. Borah, U. S. Atty., and T. M. Logan Bruns, Asst. U. S. Atty., both of New Orleans, La., and Frank J. Ready, Jr., and Chas. T. Hendler, Sp. Attys. Bureau of Internal Revenue, both of Washington, D. C., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. From February, 1919, to April, 1920, inclusive, plaintiff in error, hereafter called plaintiff, made total sales of candy subject to the federal excise tax of 5 per cent. under the provisions of the Revenue Act of 1918 (40 Stat. 1057), and paid the taxes calculated on 5 per cent. of the gross amount received by it. In December, 1920, the Revenue Department, construing the act, adopted a regulation permitting a manufacturer to pass the tax on to the purchaser, by including it in the total price charged and segregating the amounts on the invoices, the material part of which regulation is as follows:

" *  *  *  The manufacturer may reimburse himself in the amount of the tax by agreement with the purchaser in the following manner: (a) By quoting the selling price and the tax in separate and exact amounts, and where invoices are rendered by segregating these amounts on the invoices as outlined in examples (1) and (6) below; or (b) by stating to the purchaser in advance of the sale what portion of the quoted price represents the price charged for the article and what portion represents tax, and where invoices are rendered by invoicing in the manner outlined in examples (2) and (3) below, in which cases the amount of the tax need not be included in the price of the article in computing the tax.  *  *  *

" *  *  *  Article No. 1, selling price $1.05, ⅟₂₁ of the total represents tax.  *  *  *

" *  *  *  Where a manufacturer sells candy which is packed or put up for sale in a fancy or plain box or container the tax is computed upon the selling price of the candy and container, whether the container is billed separately or not. However, where candy is purchased and the purchaser selects a fancy box or container in which the candy is placed the tax attaches to the selling price of the candy and not to the cost of the box. In such cases, if the sale is billed, the container and candy must be billed as separate items.  *  *  *"

Plaintiff asked for a refund of the difference between the tax calculated as 5 per cent. on the total and on the basis of ⅟₂₁ of the total, as permitted by the above set out regulation, on the ground that at the outset he had notified all of his customers that he would make no change in his list prices, but that the price would include the war tax which would be absorbed. The refund was refused, and this suit was brought to recover $2,174.14.

On the trial of the case there was uncontradicted evidence admitted to show that at least some of the largest customers had been notified as contended. The District Court was of the opinion, however, that the tax should be calculated on the total amount collected from the customers as that truly represented the sales price and denied relief.

[1, 2] Taxing statutes are to be liberally construed in favor of the taxpayer. Undoubtedly the tax involved in this case was intended to be paid on the net amount received for the goods sold and not on the total paid by the purchaser if that included the tax or other items such as freight, etc. See J. Hungerford Smith Grape Juice Co. v. U. S., decided by the Court of Claims February 14, 1927. The regulation adopted by the Commissioner of Internal Revenue so construes the law, is fair, should have universal application, and it should be given retroactive effect.

Apparently the only thing that could prevent a recovery in this case is the technicality regarding the manner of rendering invoices. We think what was done by plaintiff in notifying its customers that the price would include the tax comes within the meaning and intent of clause B above quoted, and that, plaintiff having in effect stated to the purchasers in quoting prices what portion represented the prices charged for the article and what portion represented the tax, the technicality should be disregarded.

The amount of refund claimed by plaintiff seems to be correctly calculated on the basis of ⅟₂₁ of the total representing the tax, but as it is not all recoverable in this case, part having been paid to defendant's successors, and as that feature of the case was not considered by the District Court, we will express no opinion as to the amount plaintiff is entitled to recover.

The judgment will be reversed, and the

case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.