STOEGER ARMS CORP. *v.* UNITED STATES (No. 4967)[1]

[1] C.A.D. 696.

United States Court of Customs and Patent Appeals; December 15, 1958

*Sharretts, Paley & Carter* (*Joseph F. Donohue* of counsel) for appellant.

*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Daniel I. Auster,* trial attorney, of counsel), for the United States.

Before O'CONNELL, Acting Chief Judge, and WORLEY, RICH, and MARTIN, Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Third Division, A.R.D. 86, sitting in appellate term, affirming the judgment of the single judge in a reappraisement proceeding.

██ The parties agree that the merchandise at bar, consisting of sporting rifles imported from Germany in 1950, was properly appraised on the basis of United States value. The sole issue here, as below, is whether an internal tax of 11 per cent, imposed under section 4181 of the Internal Revenue Code (26 U.S.C. 4181), on the sale of said rifles is a part of the United States value as computed under section 402(e) of the Tariff Act of 1930. It is conceded that the tax is passed on to the purchaser.

The pertinent statutory provisions read:

19 U.S.C. Sec. 1402(e), Tariff Act of 1930, section 402(e) as amended:

The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

26 U.S.C. Section 4181

There is hereby imposed upon the sale by the manufacturer, producer, or importer of the following articles a tax equivalent to the specified percent of the price for which so sold: * * *

Articles taxable at 11 percent—

Firearms (other than pistols and revolvers). ·

The appraiser, the single judge, and the appellate division all held that the internal tax was properly included in computing United States value since it was part of the price at which the merchandise was "freely offered for sale for domestic consumption" within the meaning of section 402(e), and was not a duty for which allowance could properly be made within the meaning of that section. However, appellant contends that the sales tax cannot properly be considered a part of the price, but if it can be so considered, it is deductible as a duty under the provisions of section 1402(e).

The record shows that the price of the rifles, excluding the tax, was $122, and the tax $13.44, thus the purchaser actually paid $135.44 per rifle. The other deductions permitted by section 402(e) are not in dispute.

The decision relied on by the Customs Court, and clearly the most pertinent to the instant case, appears to be *John H. Faunce, Phila., Inc.* v. *United States*, 25 CCPA 131, T.D. 49245, which involved an excise tax imposed by section 612 of the Revenue Act of 1932, which provided:

There is hereby imposed upon matches sold by the manufacturer, producer or importer, a tax of 2 cents per 1,000 matches, except that in the case of paper matches in books the tax shall be ½ of 1 cent per 1,000 matches.

That tax which, as the court held, "undoubtedly accrues when matches are sold by an importer," was clearly a sales tax similar to that here, except that it was based on the number of matches sold rather than on their price, a distinction which we think is immaterial so far as the instant issue is concerned.

It was contended by appellant in the *Faunce* case that inclusion of the excise tax in the dutiable value of the merchandise was double taxation and hence improper unless it clearly appeared that Congress intended to include it. The appellant also relied on a provision in section 619 of the Revenue Act of 1932 that "In determining for the purposes of this title, the price for which an article is sold * * * there shall be excluded the amount of tax imposed by this title whether or not stated as a separate charge." The court, however, found that provision irrelevant since it related only to determination of a price to be used in computing excise taxes. It was accordingly held that the tax was properly included in determining the United States value

under section 402(e). While it was not expressly stated that the excise tax was part of the price of the merchandise, it seems to us that was implicit in the holding that the tax was part of the United States value, since such value consisted of the selling price minus specified allowances, and the excise tax could not be included in the United States value in any other way than as a part of the sales price.

Consideration was given by the Customs Court, as well as in the briefs here, to the following provision of section 4216 of the Internal Revenue Code:

In determining, for the purposes of this chapter the price for which an article is sold * * * there shall be excluded the amount of tax imposed by this chapter, whether or not stated as a separate charge.

The quoted language is similar to that of section 619 of the Revenue Code of 1932, discussed in the *Faunce* decision. We do not consider it relevant here since it is limited by its terms to internal revenue, rather than to customs duties.

Appellant relies primarily on *Elmer Candy Co.* v. *Fauntleroy, Collector*, 24 F. 2d 95. However, that case relates to the determination of price for internal revenue purposes and is not pertinent here.

Both parties discuss cases involving foreign taxes of various kinds, but those cases were governed by particular circumstances not present here, and do not appear sufficiently pertinent to require separate discussion.

The word "price" does not appear to have a single fixed meaning and, as pointed out by appellant, it has been variously interpreted in accordance with the different contexts in which it has been used. It is customary, however, to think of the "price" of a thing as being the entire amount which the purchaser pays. The action of the lower tribunals in adopting that interpretation seems reasonable, and we find no grounds for disturbing it.

We also agree with the Customs Court that the instant tax cannot properly be considered a "duty" within the meaning of section 402(e). That section refers to "duty, cost of transportation and insurance, and other necessary expenses from place of shipment to place of delivery," which seems clearly to indicate that the duties involved are only those incident to such shipment. A sales tax is not such a duty, since, as was pointed out in *Faunce*, it "might not accrue for years after the delivery of imported merchandise." It is also to be noted that *Faunce* contains the statement that Congress "in section 402(e) *supra*, specially provided that an allowance should be made for *customs* duties, as distinguished from 'cost of transportation and insurance and other necessary expenses from the place of shipment to the place of delivery.'" (Emphasis added.) That language clearly indicates that the duties referred to in section 402(e) were considered by the court to be customs duties.

While it is true, as argued by appellant, that the word "duty" may, under some circumstances, be broad enough to include imposts or taxes other than customs duties, we share the views of the Customs Court that a reasonable interpretation of the statute requires that it be limited to such duties as are incurred in transporting the merchandise from its place of shipment to its point of delivery, and that taxes levied on its sale after importation cannot properly be considered duties. See *Charles Happel* v. *United States*, 69 T.D. 1404, Reap. Dec. 3809.

We have also given full consideration to appellant's contention that the Customs Simplification Act of 1956 provides for deduction of federal excise taxes in computing United States value. However, that Act expressly states that its provisions shall not be retroactive and is, therefore, not applicable to the merchandise at bar, which was imported in 1950.

The judgment is *affirmed*.